## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JACQUELYN N'JAI,                      :        No. 1:24cv329
            Plaintiff,      :
                           :        (Judge Munley)
            v.             :
                           :        (Magistrate Judge Carlson)
PITTSBURGH BOARD OF PUBLIC            :
EDUCATION, et al.,                    :
            Defendants,     :

### MEMORANDUM

Before the court for disposition is the report and recommendation ("R&R")

of Magistrate Judge Martin C. Carlson, which recommends that Plaintiff

Jacquelyn N'Jai's *pro se* amended complaint be dismissed without leave to

amend.  Plaintiff filed a document labelled "Response to the Second

Recommendations filed February 3, 2025" and "Certificate of Compliance," which

the court construes as objections to the R&R.  For the reasons that follow, the

objections will be *overruled*.  The R&R will be adopted, and the case will be

dismissed.

**Background**

Plaintiff, a former public-school teacher, filed this action on February 27,

2024. (Doc. 1).  She asserts what appears to be an Employee Retirement

Income Security Act ("ERISA") claim.  Her amended complaint also asserts

claims for breach of fiduciary duty, unjust enrichment, and tortious interference with contracts under state law.  (Doc. 22, Am. Compl.).

Plaintiff's initial complaint, which was nearly hundred (100) pages plus more than forty (40) pages of appendices, was referred to Magistrate Judge Carlson for preliminary screening pursuant to 28 U.S.C. § 1915(e)(2) and the issuance of an R&R ("First R&R").  The initial complaint named twenty (20) defendants in the caption of the pleading. (Doc. 1).  However, only some of the defendants were mentioned in the body of the pleading. (Id.)  The same complaint contained eight counts against the defendants alleging various criminal conduct, violations of various Restatement principles, fraud, conspiracy, and other state law torts.

Magistrate Judge Carlson recommended dismissal of the plaintiff's complaint for multiple reasons. (Doc. 12).  According to the First R&R, the initial complaint violated Rules 8 and 9 of the Federal Rules of Civil Procedure as it was "largely unintelligible" and failed to state any fraud claims with particularity. (Id.)  Additionally, he found it violated Rule 20 of the Federal Rules of Civil Procedure because it "combine[d] and conflate[d] claims against entities in Pittsburgh, Harrisburg, and New York City which seem to entail disparate acts by different actors at diverse and divergent places and times." (Id. at p.13).  Moreover, plaintiff's state law claims were considered time barred. (Id. at p.14).

2

The First R&R further indicated that the judge who presided over some of plaintiff's prior cases was among the defendants named in the original complaint, which violated the doctrine of absolute judicial immunity. (Id. at pp. 18-20). The magistrate judge also reasoned that plaintiff based some of her claims on various federal criminal statutes which provided no cause of action for civil litigants. (Id. at p. 20-21). Lastly, per the First R&R, the initial complaint lacked well pleaded facts to state a viable claim against the United States. (Id. at pp. 21-22).

The court adopted Magistrate Judge Carlson's First R&R and afforded plaintiff an opportunity to amend her pleadings. (Doc. 20). As a result, plaintiff filed an amended complaint, which names nine (9) defendants and alleges violations of several statutes and Restatement sections. (Doc. 22, Am. Compl.).

After reviewing the law relative to federal pleading requirements, the R&R again recommends dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. (Doc. 23 at p. 4). On February 11, 2025, plaintiff responded to the R&R with filings which will be construed as objections.[1] (Doc. 24). As discussed below, the amended complaint is no different than the initial complaint, as it similarly alleges a multitude of claims, ranging from breach of fiduciary duty to conspiracy as related to plaintiff's

---

[1] "A document filed pro se is 'to be liberally construed[.]' " Erickson v. Pardus, 551 U.S. 89, 94, (2007)(quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

3

pension funds.  Likewise, the amended complaint once again violates Rules 8, 9, and 20, and asserts claims that are time barred. (Id.)

**Jurisdiction**

As plaintiff brings suit pursuant to multiple federal statutes, the court has federal question jurisdiction.  See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").  The court has supplemental jurisdiction over the plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

**Legal Standard**

In disposing of objections to a magistrate judge's report and recommendation, the district court must make a *de novo* determination of those portions of the report against which objections are made. 28 U.S.C. § 636(b)(1)(c); see also Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983). The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987).  The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id.

**Analysis**

Plaintiff's amended complaint advances several claims against various defendants. (Doc. 22, Am. Compl.).  The R&R concludes that plaintiff's amended

4

complaint violates Rules 8, 9, and 20 of the Federal Rules of Civil Procedure. Magistrate Judge Carlson further concludes that plaintiff's conspiracy claims are legally insufficient on their face, and a number of the statutes relied upon by plaintiff are inapplicable. The R&R also finds that venue is not proper over multiple defendants. Additionally, the R&R concludes that several of plaintiff's claims are time barred. Consequently, the R&R recommends dismissal of plaintiff's amended complaint.

Plaintiff's first objection concerns Magistrate Judge Carlson's finding that the amended complaint is largely unintelligible. Plaintiff's first contends she "made every attempt to shorten the Amended Complaint, even though she hopes she can preserve the evidence submitted in this case thus far, to justify the context or nature of the case." (Doc. 24, ¶ 5). Plaintiff's second objection relates to the R&R's findings that the amended complaint violates Rule 20 of the Federal Rules of Civil Procedure. (Doc. 24, ¶ 6). Plaintiff's third objection asserts that the statute of limitations began to run in 2023 and that her state law tort claims are not time barred. (Doc. 24, ¶¶ 7-9). Plaintiff's fourth objection indicates that the Rule 9 violations have been cured as she removed the criminal fraud aspect of her claims. (Doc. 24, ¶ 10).

Plaintiff's objections, however, do not challenge several critical conclusions reached in the R&R. If a plaintiff has not objected to certain portions of the R&R,

then in deciding whether to adopt those portions, the court must determine if a review of the record evidences plain error or manifest injustice. FED. R. CIV. P. 72(b) 1983 Advisory Committee Notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record to accept the recommendation"); see also 28 U.S.C. § 636(b)(1); Sullivan, 723 F.2d at 1085.

Here, plaintiff does not object to the R&R's findings that her conspiracy claims fail because they are legally insufficient on their face. Likewise, plaintiff offers no objection to the magistrate judge's conclusions that a number of statutes relied upon in the amended complaint are inapplicable. Third, plaintiff does not object to any portion of the R&R concluding that venue is not proper over many of the defendants. Thus, the court need not make a de novo review of these determinations. Seeing no evidence of plain error or a manifest injustice, those conclusions will be adopted.

Based on the objections raised, the court will limit its review to four overarching considerations in the following order: 1) whether plaintiff's amended complaint violates Rule 8 of the Federal Rules of Civil Procedure; 2) whether plaintiff's amended complaint violates Rule 9; 3) whether plaintiff's amended complaint violates Rule 20; and 4) whether plaintiff's state law claims are time-barred.

6

## 1. Violation of Rule 8

The R&R recommends dismissal of the amended complaint because it is largely unintelligible. Rule 8 of the Federal Rules of Civil Procedure provides:

> (a) A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

FED. R. CIV. P. 8(a)(2).

Each allegation in a complaint must be "simple, concise, and direct." FED. R. CIV. P. 8(d)(1). Dismissal of a complaint under Rule 8 is warranted when the complaint "is not only of an unwieldy length, but it is also largely unintelligible," Stephanatos v. Cohen, 236 F. App'x. 785, 787 (3d Cir. 2007); see also Mincy v. Klem, 303 F. App'x. 106 (3d Cir. 2008); Rhett v. N.J. State Superior Court, 260 F. App'x. 513 (3d Cir. 2008). A complaint that "le[aves] the defendants having to guess what of the many things discussed constituted [a cause of action]" shall be dismissed. Binsack v. Lackawanna County Prison, 438 F. App'x. 158, 160 (3d Cir. 2011). Similarly, dismissal is proper where the complaint is so "rambling and unclear" as to defy response. Tillio v. Spiess, 441 F. App'x. 109, 110 (3d Cir. 2011).

7

Plaintiff indicated in her objections that she had "made every attempt to shorten the amended complaint" to twenty-seven (27) pages in length. (Doc. 24, ¶ 5). Along these same lines, plaintiff requested that the court liberally construe her amended complaint. (Doc. 22, Am. Compl. at p. 16).

It is widely known that "[c]ourts are more forgiving of pro se litigants for filing relatively unorganized or somewhat lengthy complaints." Garrett v. Wexford Health, 938 F.3d 69, 92 (3d Cir. 2019). Nevertheless, "procedural rules in ordinary civil litigation should [not] be interpreted so as to excuse mistakes by those who proceed without counsel.…'in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law.'" McNeil v. United States, 508 U.S. 106, 113 (1993) (quoting Mohasco Corp. v. Silver, 447 U.S. 807 (1980)). Rule 8 "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, at 555 n.3 (2007)).

After a full review, plaintiff's amended complaint still falls well short of the pleading standards enumerated in Rule 8. Although it is not deficient in quoting excerpts from Restatement sections and statutes, the amended complaint lists conclusory statements instead of a factual narrative explaining the alleged roles of the defendants in the alleged tortious conduct. The amended complaint refers

8

to appendices attached to the initial complaint and various other voluminous exhibits that plaintiff previously filed. No factual narrative or background is provided whatsoever. While plaintiff tried to shorten her amended complaint, per her objections to the R&R, her efforts to comply with Rule 8 were unfruitful. Cutting out paragraphs does not bring plaintiff's amended complaint into compliance with this rule. Therefore, plaintiff's objection will be overruled.

### 2. Violation of Rule 9

The R&R also concludes that plaintiff's fraud claims still fail to meet the particularity requirements of Rule 9 of the Federal Rules of Civil Procedure. (Doc. 23 at p. 11). In her objections, plaintiff does not address the R&R's findings. (Doc. 24). Instead, plaintiff asserts that "since she removed what she thinks is the criminal fraud aspect of the claims, [sic] and is focusing on the egregious actions and omissions as torts, she thinks that the Rule 9 issue has been cured." (Doc. 24, ¶10).

Pursuant to Rule 9, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). Rule 9(b) requires a plaintiff to plead with particularity "the 'circumstances' of the alleged fraud in order to place the defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior." Lum v. Bank of Am., 361

9

F.3d 217, 223-24 (3d Cir. 2004). A plaintiff averring a fraud claim must specify "the who, what, when, where, and how: the first paragraph of any newspaper story." In re Advanta Corp. Sec. Litig., 180 F.3d 525, 534 (3d Cir.1999) (quoting DiLeo v. Ernst & Young, 901 F.2d 624, 627 (7th Cir.1990)). If plaintiff's allegations fail to list out every material detail of the fraud, such as the date, time, or place, plaintiff should find a way to include precision "and some measure of substantiation into their allegations of fraud." Lum, 361 F.3d at 224 (quoting Seville Indus. Mach. Corp. v. Southmost Mach. Corp., 742 F.2d 786, 791 (3d Cir. 1984)).

Despite plaintiff's assertions in her objections that the Rule 9 issue has been cured, the amended complaint still alleges fraud against "PPS et al." (Doc. 22, Am. Compl. at p.14). Although PPS refers to Defendant Pittsburgh Board of Public Education, it is unclear which of the remaining defendants the plaintiff is also accusing of fraud. The term fraud is only set forth once in the amended complaint without any further mention.

Even though plaintiff indicates in her objections that she removed the criminal fraud aspect of her claims from the amended complaint, the fraud claim remains. This claim still lacks factual support. Not only has plaintiff failed to specify which defendant is accused of fraud, she also failed to provide the time,

place, and facts supporting her fraud claim. Hence, plaintiff's objection will be overruled.

### 3. Violation of Rule 20

The R&R also concludes that plaintiff's amended complaint continues to violate Rule 20 by combining unrelated acts committed by different actors at diverse and divergent places. (Doc. 23 at p. 15). The R&R recommends dismissal with instructions that the plaintiff file her distinct claims in separate complaints. (Id. at p.16). In her objections, plaintiff seems to argue that she attempted to file her distinct claims in separate complaints and exclude multiple defendants, however, she still needs time to conduct research. (Doc. 24, ¶ 6). Rule 20 provides, in relevant part, that:

> Person[s] . . . may be joined in one action as defendants if:
> (A) any right to relief is asserted against them jointly,
> severally, or in the alternative with respect to or arising out
> of the same transaction, occurrence, or series of
> transactions or occurrences; and (B) any question of law or
> fact common to all defendants will arise in the action.

FED. R. CIV. P. 20(a)(2).

When a party's claims conflate distinct acts committed by different parties at different times and places, these claims become a "hodgepodge" in violation of the joinder standard of Rule 20. Boretsky v. Governor of New Jersey, 433 F. App'x 73, 77 (3d Cir. 2011) ("we cannot say that, given the hodgepodge of claims raised in the original complaint, the District Court abused its discretion in

11

dismissing [plaintiff's] co-plaintiffs from the action and directing the plaintiffs to file separate complaints.").

Here, plaintiff's amended complaint admits that "[t]here are many overlapping, [sic] breaches that occurred at different times, separately, by different defendants, [sic] but distinctly involving the same Plaintiff's pension plans, and the same defendant fiduciaries from 1990-2025." (Doc. 22, Am. Compl. at p. 8). Throughout the amended complaint, plaintiff fails to specify which acts were committed by which defendant and in what year. Plaintiff's references to the defendants are general and ambiguous. For instance, plaintiff alleges that "[t]he Defendants [ ] PPS, PSERS, TRS, and NYCDOE et al., made a tenure contract with N'Jai . . . ." or "the Defendants PSERS, TRS, PPS, and NYCDOE, et al., breached their fiduciary duties to N'Jai[.]" (Id. at pp. 18, 25). Plaintiff also refers to defendants as "all the defendants named and [their associates]" before quoting Restatement sections or federal statutes. (Id. at p. 9). Viewing the hodgepodge of unrelated claims in plaintiff's complaint, plaintiff's objection to the R&R will be overruled.

### 4. Plaintiff's State Law Claims are Time-Barred

Finally, the R&R concludes that plaintiff's claims for breach of fiduciary duty and other state law torts are time barred as they relate to incidents that took place decades ago. (Doc. 23 at p.18). Plaintiff's objections to the R&R challenge

12

the magistrate judge's conclusion. (Doc. 24, ¶¶ 8, 9). Plaintiff asserts that defendants breached their fiduciary duties between 2020-2023. (Id. ¶ 8). She also argues that the statute of limitations should be tolled because she was misled, and some information was being kept from her. (Id.) She asserts that the discovery rule tolls her claims and that the "continuing wrong [doctrine] may apply here as well." (Id. ¶9).

A claim for breach of fiduciary duty is a state tort claim. Laurel Road Homeowners Ass'n, Inc. v. Freas, 191 A.3d 938, 949 (Pa. Commw. Ct. 2018) (citing Mirizio v. Joseph, 4 A.3d 1073, 1082-84 (Pa. Super. 2010)). As plaintiff's claims here sound in state tort law, the applicable Pennsylvania statute of limitations is two years. Lake v. Arnold, 232 F.3d 360, 366 (3d Cir. 2000) (citing 42 PA. CONS. STAT. § 5524). "The statute of limitations begins to run 'from the time the cause of action accrued,' which we have previously interpreted to mean when 'the first significant event necessary to make the claim suable' occurs." Id. (quoting Ross v. Johns–Manville Corp., 766 F.2d 823, 826 (3d Cir.1985)). The accrual date is the point when the plaintiff knows or has reason to know of the injury that constitutes the basis of the cause of action. Sameric Corp. of Delaware, Inc. v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998); see also Nelson v. Cnty. of Allegheny, 60 F.3d 1010 (3d Cir. 1995).

As for the timeliness of this action, plaintiff filed her initial complaint on February 27, 2024, and her amended complaint is simply a scaled down version of the original.  Her allegations complain of conduct beginning in 1985 and reference events from 1990 to the present. (Doc. 22, Am. Compl. at pp. 3-14).  In her objections, plaintiff argues that documents she provided in Appendix Part 1, (Doc. 16-2), prove that two defendants breached their fiduciary duties from 2020 to 2023.  She argues that such conduct occurred within the applicable limitations period.[2] (Doc. 24, ¶ 8).

A review of the amended complaint and the documents in Appendix Part 1, indicates that virtually all of the events alleged took place twenty years ago or more, well beyond the expiration of the applicable two-year limitation period.  As for the events alleged between 2020 to 2023, they only relate to the conduct of two of the nine named defendants in the amended complaint. (Doc. 22 Am. Compl. at pp. 15-16). Even then, plaintiff specifically alleges that these defendants prevented her from accessing her retirement accounts in 2020 and 2021. (Id.)  Furthermore, she alleges that, in August 2020, she received "rejection letters, refusals to credit all of her [service] time," and that these defendants refused "to correct inaccurate information about her death benefits,

_____

[2] Plaintiff incorporates Appendix Part 1 into her amended complaint. (Doc. 22, Am. Compl. at pp. 12-13).

14

refusals to allow purchase of service time in [New York], and the like." (Id. at 16).

Because of the hodgepodge nature of plaintiff's amended complaint, even when

liberally construed, the occurrences that plaintiff alleges took place in 2023, had

been occurring on an ongoing basis since 2020. (Id.)  Based on plaintiff's

allegations, her state law tort claims are time barred on their face.

     In her objections, plaintiff asks the court to toll the limitations period based

on her later discovery of the defendants' misconduct.  The discovery rule "tolls

the running of the applicable statute of limitations until the point where the

complaining party knows or reasonably should know that he has been injured

and that his injury has been caused by another party's conduct." Schmidt v.

Skolas, 770 F.3d 241, 251 (3d Cir. 2014) (quoting Crouse v. Cyclops Indus., 745

A.2d 606, 611 (Pa. 2000)).  Application of the discovery rule is typically a jury

question. See Id.  However, where facts are so clear that reasonable minds

cannot differ, commencement of the limitations period may be determined as a

matter of law. Id.

     Plaintiff's reliance on the discovery rule in her objections is misguided for

two reasons as discussed throughout this memorandum.  First, given the

hodgepodge of claims raised in plaintiff's amended complaint, it is difficult to

hash out the incidents of alleged misconduct that plaintiff is referring to and the

context in which they were discovered.  Where plaintiff's allegations come into

clearer view, those averments indicate that she learned of serious issues in

August 2020, but did not initiate this action until 2024. (Doc. 22, Am. Compl. at p.

16). Second, despite plaintiff's allegations in her objections that she was misled,

her amended complaint alleges facts indicating that she was well aware of the

degree of permanence and severity of the defendants' acts. Plaintiff's duty to act

timely was triggered long ago when she knew or reasonably should have known

that her injury was caused by some of the defendants. Hence, this objection will

also be overruled.

Plaintiff also asserts in her objections that the continuing wrong doctrine

"may apply here[.]" (Doc. 24, ¶ 9). Under this doctrine, when a defendant's

conduct is part of a continuing chain of acts, "an action is timely so long as the

last act evidencing the continuing practice falls within the limitations period[.]"

Cowell v. Palmer Twp., 263 F.3d 286, 292 (3d Cir. 2001). Under the continuing

wrong doctrine, a court may grant relief for the past acts that would otherwise be

time barred when the alleged acts are all related. Brenner v. Loc. 514, United

Bhd. of Carpenters and Joiners of Am., 927 F.2d 1283, 1295 (3d Cir.1991). The

burden is on the plaintiff to show that defendant's conduct is "more than the

occurrence of isolated or sporadic acts." West v. Philadelphia Elec. Co., 45 F.3d

744, 755 (3d Cir.1995). Courts usually consider the subject matter of the

violations, the frequency and recurrence of the acts, and the degree of

permanence of the acts which alert the plaintiff of the duty to assert his/her rights.
Id. at 755 n. 9 (citing Berry v. Bd. of Supervisors of Louisiana State Univ., 715
F.2d 971, 981 (5th Cir.1983)). However, the "continuing conduct of defendant
will not stop the ticking of the limitations clock begun when plaintiff obtained
requisite information. On discovering an injury and its cause, a claimant must
choose to sue or forego that remedy." Barnes v. Am. Tobacco Co., 161 F.3d 127,
154 (3d Cir. 1998) (quoting Kichline v. Consol. Rail Corp., 800 F.2d 356 (3d
Cir.1986)).

　　As stated above, it is unclear who is being sued in this action and for what.
With regard to Defendant Pittsburgh Board of Public Education, it was sued by
plaintiff decades ago for wage loss. As for the conduct of other defendants,
which allegedly occurred beginning in August 2020, the allegations in the
amended complaint indicate that plaintiff experienced significant administrative
issues with her retirement plans that caused her consequences. (Doc. 22, Am.
Compl. at p. 16). Thus, plaintiff was already alerted of her choice to sue then or
forego her remedy. Since plaintiff possessed the requisite information to file suit
years ago, her invocation of the continuing wrong doctrine fails to pass muster.
Thus, this objection will also be overruled.

　　Finally, the R&R suggests that the plaintiff should not be afforded further
amendment because granting leave to amend would be futile and result in undue

17

delay. (Doc. 23 at p. 22).  Additionally, plaintiff has not requested further leave to amend in her objections to the R&R.  Thus, seeing no error, the court will adopt this recommendation. See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 252-53 (3d Cir. 2007) (declining to extend the *sua sponte* amendment rule to non-civil rights cases).  The R&R also recommends dismissal of this action without prejudice.  Per the magistrate judge, plaintiff should be provided with an opportunity to file separate complaints against distinct defendants in a manner that complies with Rule 20 in the appropriate venue. (Doc. 23 at pp. 16, 18).  The court agrees with that recommendation. Thus, this action will be dismissed without prejudice for plaintiff to do so if she so chooses.

**Conclusion**

For the reasons set forth above, the court will overrule plaintiff's objections to the R&R.  The R&R will be adopted, and plaintiff's complaint will be dismissed without prejudice.  The Clerk of Court will be directed to close this case. An appropriate order follows.

Date:  7/3/25

JUDGE JULIA K. MUNLEY
United States District Court